**United States District Court**
**Southern District of New York**
_____

**OVERSEAS DIRECT IMPORT CO., LTD.,**

                **Plaintiff,**        10 Civ. 4919 (JGK)

    - against -             MEMORANDUM OPINION AND
                                                         ORDER

**FAMILY DOLLAR STORES, INC., ET AL.,**

                **Defendants.**
_____

**JOHN G. KOELTL, District Judge:**

    Defendant Family Dollar Stores, Inc. ("Family Dollar") moves to dismiss or transfer this action to the District Court for the Western District of North Carolina, where Family Dollar has sued the plaintiff, Overseas Direct Import Co., Ltd. ("ODI"), seeking a declaratory judgment concerning the same conduct at issue in this action and bringing a claim for breach of contract. There is an additional defendant in this action, Prestige Global Co, Ltd., but that party has not submitted papers on the current motion.

    It is plain that Family Dollar's action in federal court in North Carolina was brought shortly before the action by ODI was filed in this court, and that the North Carolina action was the first-filed action. ODI argues that there are exceptions to the first-filed rule that should lead this Court to deny the motion to transfer, and that the motion to dismiss is without merit.

The parties also advise that ODI has moved to dismiss or transfer the North Carolina action, although it allegedly did not advise the North Carolina court that Family Dollar had already moved to dismiss or transfer this action in favor of the North Carolina forum.

There is a well-established protocol in cases such as this to avoid conflicting decisions and to promote judicial economy. The court in which the first-filed suit was filed has precedence to decide whether the action should remain there or be transferred to the district in which the second suit was filed. See, e.g., Williams v. City of N.Y., No. 03 Civ. 5342, 2006 WL 399456, at *4 (S.D.N.Y. Feb. 21, 2006). That court can determine whether there are any applicable exceptions to the first-filed rule. The precedence does not depend on who first filed the motion to dismiss or transfer, although candor should certainly dictate that both courts will be fully informed of the filings made in the other court.

Therefore, the Court will await the decision of the District Court for the Western District of North Carolina on the pending motion to dismiss or transfer.

The pending motion to dismiss or transfer is denied without prejudice to renewal after the decision of the District Court for the Western District of North Carolina. This case is stayed

pending further order of the Court. The Clerk is directed to close Docket. No. 3.

SO ORDERED.

Dated:   New York, New York
         November 23, 2010

/s/ John G. Koeltl
John G. Koeltl
United States District Judge