**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**OVERSEAS DIRECT IMPORT CO., LTD.,**

              **Plaintiff,**        **10 Civ. 4919 (JGK)**

      - against -             **MEMORANDUM OPINION**
                                                   **AND ORDER**
**FAMILY DOLLAR STORES INC. and**
**PRESTIGE GLOBAL CO., LTD.,**

             **Defendants.**

---

**JOHN G. KOELTL, District Judge:**

    Overseas Direct Import Co., Ltd. ("ODI"), a textile design and sales corporation, sued Family Dollar Stores, Inc. ("FDS") and Prestige Global Co., Ltd. ("Prestige") primarily for trademark and copyright infringements in packaging for men's thermal underwear. Both defendants moved for partial summary judgment. This Court denied the defendants' motion as to the plaintiff's copyright infringement claim. See Overseas Direct Import Co. v. Family Dollar Stores Inc., 929 F. Supp. 2d 296 (S.D.N.Y. 2013).[1]

    ODI ultimately settled its claims against Prestige. FDS made an offer of judgment pursuant to Rule 68 of the Federal

---

[1] The Court granted the defendants' motion as to all other claims except for the claim of unfair competition in violation of New York law, which was denied as to FDS and granted as to Prestige. Familiarity with the facts and procedural history of this case is assumed.

Rules of Civil Procedure ("Rule 68") in the amount of $150,000. ODI rejected the offer; a jury trial was held in June, 2013, and the jury returned a verdict in FDS's favor.  ODI recovered nothing.

FDS now moves for costs and attorney's fees pursuant to 17 U.S.C. § 505 and Rule 68.  Not to be outdone, ODI has requested attorney's fees incurred in responding to FDS's motion.  For the reasons explained below, FDS's motion and ODI's request are both denied.[2]

### I.

### A.

Rule 68(d) provides: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  As used in Rule 68(d), "costs" includes attorney's fees where the underlying statute provides for an award of attorney's fees as part of costs.  See Marek v. Chesny, 473 U.S. 1, 9 (1985).  The copyright statute does include a provision that

---

[2] ODI has requested leave to file a surreply to FDS's reply brief, on the grounds that FDS raised new arguments in its reply memorandum.  This request is denied because the Court's disposition of FDS's motion renders the request moot.

allows attorney's fees to be awarded as part of costs in some circumstances.  See 17 U.S.C. § 505.

In its papers, FDS initially argued that it was entitled to recover costs including attorney's fees under Rule 68 because the amount ODI recovered (nothing) was not more favorable than the rejected Rule 68 offer of $150,000.  However, this argument is squarely foreclosed by the Supreme Court's holding in Delta Air Lines, Inc. v. August that the costs provision of Rule 68 is "simply inapplicable" when the defendant has "obtained the judgment."  450 U.S. 346, 352 (1981); see also Jolly v. Coughlin, No. 92 Civ. 9026, 1999 WL 20895, at *8 (S.D.N.Y. Jan. 19, 1999) ("Rule 68 only applies where a plaintiff prevails and obtains a judgment in his favor.").  In its reply papers, FDS conceded that Delta Air Lines precludes the recovery of attorney's fees under Rule 68 in this case.  (See Def.'s Reply Mem. at 1.)  Accordingly, FDS's motion for costs and attorney's fees under Rule 68 must be denied.

**B.**

FDS argues that it is entitled to an award of attorney's fees under 17 U.S.C. § 505.  That statute provides that, in addition to costs, "[e]xcept as otherwise provided . . ., the court may also award a reasonable attorney's fee to the

3

prevailing party as part of the costs." Section 505 is an independent basis for granting attorney's fees to a prevailing defendant in some copyright cases. See Hudson v. Universal Studios, Inc., No. 04 Civ. 6997, 2009 WL 536564, at *4 (S.D.N.Y. Mar. 4, 2009); Screenlife Establishment v. Tower Video, Inc., 868 F. Supp. 47, 52 (S.D.N.Y. 1994). However, attorney's fees are "not to be awarded automatically to a prevailing party . . . but 'only as a matter of the court's discretion.'" Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1011 (2d Cir. 1995) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)). In making § 505 determinations, courts look to "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty, 510 U.S. at 534 n.19 (internal citations and quotation marks omitted).

FDS argues that it is entitled to attorney's fees under § 505 because ODI's claims were objectively unreasonable. Objective unreasonableness is given "substantial weight" in attorney's fees determinations. Matthew Bender & Co., Inc. v. West Publ'g Co., 240 F.3d 116, 122 (2d Cir. 2001). "[C]laims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively

4

unreasonable." Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd., No. 96 Civ. 4126, 2004 WL 728878, at *3 (S.D.N.Y. Apr. 6, 2004). But lack of success on the merits, without more, does not establish that the non-prevailing party's position was objectively unreasonable. Int'l Media Films, Inc. v. Lucas Entm't, Inc., No. 07 Civ. 1178, 2011 WL 5865739, at *2 (S.D.N.Y. Nov. 22, 2011). Moreover, claims that survive summary judgment are unlikely to be objectively unreasonable. See Penguin Books, 2004 WL 728878, at *4. Indeed, FDS cites no precedent for the proposition that a plaintiff's claims may be found objectively unreasonable despite having survived summary judgment.

As the Court's March 13, 2013 Memorandum Opinion and Order denying the defendants' motion for summary judgment on the copyright claim indicates, the plaintiff's copyright claim was not objectively unreasonable. See Overseas Direct Import Co., 929 F. Supp. 2d at 308-10. Nor is this a case in which the plaintiff "continued to litigate after [the claim] clearly became" unreasonable. Bauer v. Yellen, 375 F. App'x 154, 156 (2d Cir. 2010) (summary order); see also Screenlife, 868 F. Supp. at 53.

FDS argues that ODI's damages demands and unwillingness to settle were outrageous to the point of objective

5

unreasonableness.  Derailment of settlement talks and unduly high damage demands can rise to the level of objective unreasonableness.  See Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351 (S.D.N.Y. 2006); Screenlife.  But in the rare circumstances when these actions are found to warrant an award of attorney's fees, they are accompanied by aggravating circumstances, such as indicia of improper motivation.  See Baker, 431 F. Supp. 2d at 358-59 (knowingly false accusations and pursuit of unreasonable damages even after explanation of legal principles); Screenlife, 868 F. Supp. at 52-53 (pursuit of speculative claims even after court granted injunction and defendant made concessions).  There are no such indicia here.  FDS does not cite any case finding that the extent of a damage demand or the plaintiff's unwillingness to settle, without more, entitles a defendant to attorney's fees under § 505.  ODI plainly thought that its claim was worth more than the offer of judgment it rejected.

There is no indication that ODI pursued its copyright claim in bad faith or for any purpose other than to vindicate its alleged right to its copyrighted work.  A copyright holder should not be deterred from pursuing a colorable copyright action for fear that the action may ultimately prove to be unsuccessful.  Nor should a party's willingness to go to trial

be viewed as an indication that the claim is frivolous or made in bad faith.  ODI was prepared to have its claim adjudicated by a jury rather than settle for a substantial offer of judgment.  Under all the circumstances, this is not a case where the Court should exercise its discretion to award attorney's fees to FDS under § 505.

For these reasons, FDS's motion for attorney's fees under § 505 is denied.

### c.

FDS has requested an award of substantial court costs, including transcript costs, and has attached a Bill of Costs to its papers.  ODI has responded by disputing that the requested costs are in fact recoverable court costs under Rule 54(d) of the Federal Rules of Civil Procedure.  Under Rule 54(d), costs should be allowed to the prevailing party.  The parties ask this Court to determine the reasonable court costs that can be assessed.

However, neither party has referred to the proper procedure in this District for taxing costs.  <u>See</u> Local Rule 54.1 of the Local Civil Rules for the Southern and Eastern Districts of New York.  Under that Rule, the Bill of Costs is to be presented to the Clerk, the opposing party may file objections, and the Clerk

will proceed to tax costs.  Thereafter, complaints can be brought to the District Judge.  However, the initial determination of costs should be made by the Clerk who regularly performs that function.  Accordingly, FDS should present its Bill of Costs to the Clerk within ten (10) days of the receipt of this Memorandum Opinion and Order.[3]

## II.

ODI has requested that the Court exercise its inherent power to award it the attorney's fees incurred in responding to FDS's motion for costs and fees.  "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay."  <u>Schlaifer Nance & Co., Inc. v. Estate of Andy Warhol</u>, 194 F.3d 323, 336 (2d Cir. 1999).  ODI argues that FDS's failure to recognize that <u>Delta Air Lines</u>

---

[3]  Under Local Rule 54.1(a), the Bill of Costs is to be filed with the Clerk within thirty days of the entry of judgment, unless the period is extended by the Court for good cause shown. In this case, the Bill of Costs is dated within thirty days of the date of judgment but was filed with the Court rather than with the Clerk.  There is good cause for extending the deadline so that the Bill of Costs can be filed with the right unit of the Court.

rendered the Rule 68 claim meritless entitles it to attorney's fees incurred in responding to FDS's motion.

The first part of the Schlaifer test asks whether FDS's claim was without a colorable basis.  "'[A] claim is entirely without color when it lacks *any* legal or factual basis.'  Conversely, a claim is colorable 'when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.'"  Schlaifer, 194 F.3d at 337 (alteration in original) (quoting Sierra Club v. U.S. Army Corps of Eng'rs, 776 F.2d 383, 390 (2d Cir. 1985) and Nemeroff v. Abelson, 620 F. 2d 339, 348 (2d Cir. 1980)).  In bringing its motion, FDS relied on a recent decision from this District awarding attorney's fees to a defendant pursuant to Rule 68 as well as § 505, even though the plaintiff recovered nothing.  See Baker, 431 F. Supp. 2d at 361-62.  In light of this reliance, FDS's claim under Rule 68 was not entirely without legal support.  Moreover, irrespective of the merit of the request for attorney's fees under Rule 68, ODI could still have been required to resist a motion for such fees under § 505.

Furthermore, there is no inference of bad faith on FDS's part.  A finding of bad faith requires "clear evidence" gleaned from "a high degree of specificity" of improper purpose.  Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986).  ODI's

conclusory allegation that FDS sought to exhaust ODI's limited resources is entirely unsupported and fails to meet this exacting standard.  At most, FDS's error in relying on Rule 68 was a good faith error of law.  Accordingly, ODI's request is denied.

## CONCLUSION

For the reasons stated above, FDS's motion for attorney's fees is **denied.**  ODI's request for attorney's fees incurred in responding to FDS's motion is also **denied.**  FDS has **ten days** from the receipt of this decision to file a Bill of Costs with the Clerk pursuant to Local Rule 54.1.  The Clerk is directed to **close Docket No. 140.**

**SO ORDERED.**

**Dated:    New York, New York**
           **November 12, 2013**               _____/s/_____
                                                   **John G. Koeltl**
                                            **United States District Judge**